UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY L. CORBITT,

    Plaintiff,

v.                                      Case No.   2:24-cv-1032-JLB-NPM

MELANIE MERCADO, CARROLE
DEPASS, DELOACH VICTOR and
FAYE BEADLE,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Jeffrey L. Corbitt's *pro se* 42 U.S.C. § 1983 civil rights complaint.  (Doc. 1.)   Plaintiff is an involuntarily-committed resident of the Florida Civil Commitment Center (FCCC), and he brings this action against four FCCC employees.   Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), and the complaint is before the Court on initial screening.[1]

After careful review, the Court concludes that this complaint must be dismissed without prejudice because Plaintiff has not stated a claim upon which

---

[1] A plaintiff seeking to proceed *in forma pauperis* will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).   This screening procedure requires the Court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Despite Plaintiff's non-prisoner status, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B).   See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it reviewed a complaint filed by a civil detainee under section 1915(e)(2)(B)).

relief may be granted. Plaintiff may file an amended complaint if he wishes to continue with this action.

## I.   Complaint

Plaintiff makes very few cogent allegations in his complaint. Although he lists four FCCC employees as defendants, he does not mention them anywhere in the complaint. In the portion of the form titled "Statement of Claim," Plaintiff lists several correctional institutions, and states only the following:

> Sprayed me and put me under water. Broke replacement knee by staff and medical. False imprisonment, pain and suffering, retaliation, cruel and unusual punishment, and mental problems. FCCC, Lake Butler, Dade CI, Jacksonville, DCF, Wellpath Correct Care, Duval Courts. I was alone. I have paperwork and witness video.

(Doc. 1 at 5.) He alleges that he sustained the following injuries:

> Back pain, broke knee, nerve damage, didn't get pain meds like I was suppose to. Didn't get some therapy treatment, refuse court dates by staff, muscles pain, received some pain meds but not the important ones, sprayed me. Burning.

(Id.) He asks the Court to do "as much as you can do for me because I am who I am, God Bless, they did me wrong." (Id.)

## II.   Discussion

Dismissals for failure to state a claim under section 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). And to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does

not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In other words, a complaint may not rest on " 'naked assertions[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The few facts alleged in Plaintiff's complaint do not state a claim on which relief can be granted. As written, no defendant could frame a responsive pleading to Plaintiff's complaint. But because Plaintiff proceeds *pro se*—and because the alleged facts are too sparse for the Court to conclude that amendment would be futile—Plaintiff may file an amended complaint if he wishes to proceed. See Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."). When filing his amended complaint, Plaintiff should consider the following:

### A. Unrelated claims belong in separate complaints.

A plaintiff may set forth only related claims in a single civil rights complaint. Here, Plaintiff names several facilities and asserts that events occurred between 2014 and 2024. (Doc. 1 at 5.) To the extent Plaintiff alleges general mistreatment at various institutions spanning a decade, he must file separate complaints. Under

3

Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."  And "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."  Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citation omitted); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.")  Here, there is no logical relationship between Plaintiff's named defendants and any of his allegations.  If Plaintiff amends his complaint he must limit his claims to those arising from a single series of transactions or occurrences.

      **B.**    **Plaintiff has filed a shotgun pleading.**

As noted above, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings."  Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that are "replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323 (footnote omitted). Here, Plaintiff's omission of any specific facts to support his claims, violates Rules 8(a)(2) and 10. Although the Court must liberally construe a *pro se* complaint, neither the Court nor the defendants are required to read between the lines to create an actionable complaint on Plaintiff's behalf. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . .or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).

C.  **The denial of a grievance does not state a constitutional claim.**

Plaintiff attaches numerous grievances to his complaint form, but does not explain their significance. (Doc. 1-1.) To the extent Plaintiff seeks to hold any defendant liable because he or she denied his grievances, he does not state a claim for two reasons. First, Plaintiff has no stand-alone constitutional right to a grievance procedure. See Thomas v. Warner, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."). And second, a defendant's denial of a grievance, standing alone, does not establish personal participation or causation. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal

5

participation under § 1983.") (cited with approval in Coleman v. Bowden, 797 F. App'x 422, 427 (11th Cir. 2019)); Thomas v. Poveda, 518 F. App'x 614, 618 (11th Cir. 2013) (affirming dismissal of a plaintiff's claims that were based solely on the defendants' denial of his grievance appeal because the complaint did "not suggest that [the defendants] had knowledge of a risk of serious harm or disregarded that risk when they denied his appeal").

### III.  Conclusion

As explained, Plaintiff's complaint does not state a constitutional claim against any named defendant. Therefore, to proceed with this action, he must file an amended complaint. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading in a case. Krinsk v. Suntrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011).

Accordingly, it is now **ORDERED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

2. Plaintiff must file a second amended complaint within **TWENTY-ONE (21) DAYS** from the date on this Order if he wishes to proceed in this action. If Plaintiff does not timely comply, the Court will dismiss this case without further notice for failure to prosecute.

**DONE and ORDERED** in Fort Myers, Florida on November 20, 2024.

*John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: Jeffrey L. Corbitt

7